**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
IRENEUSZ NIWINSKI,

      Plaintiff,      05-CV-5323 (RER)

   - against -       **OPINION & ORDER**

CARLA M. ZIRPOLI,

      Defendant.
-------------------------------------------------------X

**RAMON E. REYES, JR., Magistrate Judge**.

   Presently before the Court is plaintiff Ireneusz Niwinski's ("plaintiff" or "Niwinski") motion for a new trial pursuant to Fed. R. Civ. P. 59.[1] Niwinski argues that the jury's verdict is against the weight of the evidence. For the reasons which follow, plaintiff's motion is denied, and the Clerk of the Court is hereby ordered to enter judgment forthwith in favor of defendant Carla M. Zirpoli ("defendant" or "Zirpoli").

## TRIAL TESTIMONY & THE JURY'S VERDICT

   This is a relatively straightforward diversity case involving a car versus a pedestrian. The trial lasted three days. Both Mr. Niwinski and Ms. Zirpoli testified.

   Mr. Niwinski testified that on July 23, 2004, at approximately 9:15 a.m., he was hit while crossing Second Avenue at 75th Street in Manhattan. 3/5 Tr. at 10.[2] At 75th Street, Second Avenue is a wide avenue, with three lanes of south bound traffic, a parking lane on the eastern-most side, and a bus lane on the western-most side. Mr. Niwinski, who was crossing Second Avenue from west to east, said that the pedestrian crossing signal was always in his favor, *id.* at

---

  [1] The parties consented to have me preside over the case pursuant to 28 U.S.C. § 636(c).

  [2] Citations to "Tr." refer to the trial transcripts of each day of the proceedings.

13, 59-60, and that Ms. Zirpoli, who was driving in eastern-most lane, hit him just before he reached the far curb, *id.* at 17.

Ms. Zirpoli testified that prior to hitting Mr. Niwinski, she stopped her car for a red light where Second Avenue intersects 75th Street. 3/7 Tr. at 77, 79. Ms. Zirpoli admitted that she was in the eastern-most lane on Second Avenue, headed southbound. *Id.* Ms. Zirpoli described the traffic that day as "heavy" or "stop and go." *Id.* at 80. As she was stopped, there was a large truck to her immediate right, which she claimed partially blocked her view. *Id.* at 80-81. Ms. Zirpoli testified that when the light turned green, she took her foot off the brake and let her car roll, to allow the truck to proceed ahead of her so the driver would see her in his side-view mirror. *Id.* Once the driver was a few feet ahead of her, Ms. Zirpoli accelerated and proceeded across 75th Street. *Id.* When she was about half-way through the opposite crosswalk, Ms. Zirpoli said she suddenly saw Mr. Niwinski in front of her car. *Id.* Ms. Zirpoli assumed that Mr. Niwinski had jumped out from in front of the truck, which at the time was about half a truck length ahead of her car. *Id.* Ms. Zirpoli testified next that "[t]he minute I saw him I slammed on my brakes, turned the car to the right and stopped immediately." *Id.* Despite her efforts, Ms. Zirpoli admits that she "clipped" Mr. Niwinski and that she "saw him fall right when [she] slammed on the brakes." *Id.* at 83. Ms. Zirpoli claimed the impact occurred about one-half car length after the crosswalk. *Id.* at 83-84. She thereafter pulled her car over and waited for the police to arrive. *Id.*

Following the close of the evidence, the jury was given instructions on the law, and retired to commence its deliberations. The jury deliberated for about three hours, and then returned its verdict. The jury found that Mr. Niwinski had not established by a preponderance of

the evidence that Ms. Zirpoli was negligent in the operation of her car. The jury was polled, and its verdict was unanimous.

DISCUSSION

Rule 59(a) of the Federal Rules of Civil Procedure provides that a court may grant a new trial "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in courts of the United States." Fed. R. Civ. P. 59(a)(1). The Second Circuit has held that "[a] grant of a new trial on the ground that the verdict was against the weight of the evidence is appropriate 'if the jury has reached a seriously erroneous result or . . . the verdict is a miscarriage of justice.'" *Farrior v. Waterford Bd. of Educ.*, 277 F.3d 633, 634 (2d Cir.) (quoting *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998)), *cert. denied*, 536 U.S. 958, 122 S.Ct. 2661, 153 L.Ed.2d 836 (2002)). Unlike a motion for judgment notwithstanding the verdict, the Court, in determining if the jury's verdict is so "seriously erroneous" as to merit a new trial, "'need not view [the evidence] in the light most favorable to the verdict winner,'" *Farrior*, 277 F.3d at 634-35 (quoting *DLC Mgmt. Corp.*, 163 F.3d at 134), but is free to weigh the evidence and the credibility of the witnesses, *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998), *cert. denied*, 526 U.S. 1130, 119 S.Ct. 1803 (1999). On the other hand, the "'jury's verdict . . . should rarely be disturbed,'" *Farrior*, 277 F.3d at 635, and a new trial granted only when the court is "'convinced that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice,'" *Bauer v. Raymark Indus.*, Inc., 849 F.2d 790, 792 (2d Cir. 1988) (quoting *Katara v. D.E. Jones Commodities, Inc.*, 835 F.2d 966, 970 (2d Cir. 1987)).

Plaintiff argues that a new trial is warranted because "the trial testimony of defendant Zirpoli herself establishes by a preponderance of the evidence that she was negligent in the operation of her motor vehicle which resulted in Mr. Niwinski's injuries." Plaintiff's Motion for a New Trial As Against the Weight of the Evidence ("Pl's Br.") at 1. Mr. Niwinski contends that Ms. Zirpoli was negligent because she chose to drive alongside a truck which created a "blind spot to her right from the direction where she testified Mr. Niwinski came from." *Id.* at 3.

Mr. Niwinski's arguments for a new trial are unpersuasive. Even after weighing the evidence anew, and assessing the credibility of the witnesses, I am not convinced that the jury reached a seriously erroneous result or that the verdict is a miscarriage of justice. Based on all of the testimony, the jury was well within its purview to find that Mr. Niwinski failed to establish by a preponderance of the evidence that Ms. Zirpoli operated her car negligently. Critically, although Mr. Niwinski steadfastly maintained that the pedestrian crossing signal was always in his favor and that it was Ms. Zirpoli who ran a red light, he testified on cross-examination that when he saw Ms. Zirpoli's car moving toward him, "the other cars were moving." 3/5 Tr. at 65. From that testimony the jury could reasonably determine that Mr. Niwinski got caught in the middle of Second Avenue when the pedestrian crossing signal turned red, and that Ms. Zirpoli did not negligently run a red light.[3] In addition, the jury was entitled to believe Ms. Zirpoli's explanation that as soon as she saw Mr. Niwinski in front of her car, she did all she could to avoid the accident. Her testimony was entirely credible. All New York law requires is that the

---

[3] I also note that on cross-examination, a strong impression was left that Mr. Niwinski was fifteen minutes late for work that morning, thus adding to the argument that it was he

4

operator of a motor vehicle operate her vehicle in a reasonably safe manner under the circumstances. Here, the jury was entitled to find that Ms. Zirpoli did so.

Further, I reject plaintiff's argument regarding Ms. Zirpoli's negligent operation of her car with a "blind spot" created by the truck. First, this argument is entirely new, plaintiff's counsel never having argued that theory to the jury during summation. 3/9 Tr. at 23-57. In fact, according to Mr. Niwinski at trial, there was no blind spot. Counsel argued that the truck could not have been where Ms. Zirpoli claimed it was, and her view was not "blocked to the right." *Id.* at 28-29. Second, the argument makes no sense in light of the practical realities of driving in New York City. Anyone who has driven a car on the Upper East Side of Manhattan at 9:00 a.m. knows that there are large trucks all over the place. It is almost impossible to drive a car in this City while eliminating all "blind spots." All the law requires is for drivers to act reasonably under these circumstances. Again, Ms. Zirpoli did so here.

I am also unpersuaded by Mr. Niwinski's post-motion argument, made *pro se*, that a language barrier prevented him from understanding the questions asked of him on cross-examination. Docket Entry No. 50. During the trial, Mr. Niwinski did not seem to have any problem comprehending or answering the questions that he was asked. His answers to questions, while not always grammatically correct, were neither hesitant nor unresponsive.

CONCLUSION

For the foregoing reasons, plaintiff's motion for a new trial is denied. The Clerk of the Court is directed to enter judgment forthwith on the jury's verdict in favor of defendant Carla Zirpoli.

Dated: April 17, 2007
      Brooklyn, New York

*Ramon E. Reyes, Jr.*
Ramon E. Reyes, Jr.
United States Magistrate Judge